23 365
30 847

THE STATE, EX REL. AUGUST GROSSHANS, V. CLINTON B. GRAY ET AL.

1. **Municipal Corporations:** CITIES OF SECOND CLASS: PASS-ING ORDINANCES. In a city of the second class, containing a population of less than five thousand, the common council consisted of four councilmen, elected to said office. Upon the final passage of an ordinance to redistrict the city and increase the number of wards, upon the calling of the yeas and nays, two answered and voted yea, and two failed to vote, whereupon the mayor voted yea, and declared the ordinance passed. The proceedings, *Held*, To be void.

2. ———: VOID ORDINANCE. Incumbents superseded by councilmen elected under, or by virtue of, such void proceedings, are entitled to be restored by due process of law; but the legal organization of the city, and the acts of the councilmen *de facto*, within the purview of the statute, will be recognized and upheld.

ORIGINAL action in nature of *quo warranto*.

*J. B. Cessna,* for relator; cited: 1 Dillon Mun. Corp , Sec. 229. *Steckert v. Saginaw,* 22 Mich., 104. *Fordyce v. Godman,* 20 Ohio State, 1. *Morrison v. Lawrence,* 98 Mass., 219. *Spangler v. Jacoby,* 14 Ill., 297. *Ryan v. Lynch,* 68 Ill., 160. *McCracken v. San Francisco,* 16 Cal., 591. *State v. McLelland,* 18 Neb., 236. *Carroll v. Wall,* 10 Pac. Rep., 1.

*G. W. Bemis* and *Robert Ryan,* for respondents.

COBB, J.

This is an original action of *quo warranto*, brought in this court by August Grosshans, who claims to be a councilman of the city of Sutton, against Clinton B. Gray, William H. Thompson, Leonard Jarrett, August Greenheid, George Honey, and Hiram Jones, who are the *de facto* members of the council of said city.

The relator alleges that, in April, 1886, he was duly elected a councilman of the city of Sutton, a city of the second class, for the term of one year, and until his successor should be elected and qualified according to law, with allegations of his qualifications and eligibility to hold said office; that on the 7th day of March, 1887, the city council of Sutton attempted to pass an ordinance dividing said city of Sutton into four wards, instead of two, changing the boundaries of all the wards, and providing for the election of six new councilmen, two holding over; that said ordinance passed by the vote of two councilmen and the mayor, the yeas and nays of the other two councilmen not being called and recorded, no other votes were cast for or against said ordinance; that under this pretended ordinance an election was held, April 5, 1887, at four different wards or precincts, at which election six pretended councilmen were declared elected, Clinton B. Gray in 1st ward, August Greenheid and William H. Thompson, 2d ward, George Honey, 3d ward, Leonard Jarrett and Hiram Jones in 4th ward; that said Gray, Jones, and Honey have all received their certificates of election, accepted, and claim to exercise, and have been exercising, the duties of said office of councilmen, and have ousted and usurped the office, as councilman, of said August Grosshans and C. W. Walther, etc.; that notwithstanding that the election of councilmen, April 7, 1887, was illegal and void, and that C. W. Walther and August Grosshans are still the legal councilmen of said city of Sutton, the said C. B. Gray, August Greenheid, W. H. Thompson, L. Jarrett, and Hiram Jones, of said city, on the 11th day of April, 1887, and from thereon continuously hitherto, without any legal warrant, claim, or right, have used and exercised, and still do unlawfully use and exercise the office of councilmen of said city, and claim to be councilmen in place of said August Grosshans and C. W. Walther, and to have, use, and enjoy all the rights, privileges, and franchises of said office, to the dam-

age and prejudice of the rights of said city of Sutton and said relator, and also against the peace of the state, with prayer, etc.

There was an answer by the respondents.

The cause was referred to a referee to take testimony, find and report the facts to the court, who reported as follows:

"I, Hiland H. Wheeler, appointed referee by an order of the supreme court of Nebraska, to take testimony and to find and report the facts to said court by September 1, 1887, in the above entitled action, have the honor to submit the following:

" Pursuant to agreement of the respective parties, I took the testimony offered by the parties September 13, 1887, J. B. Cessna, Esq., appearing for relator, and Robert Ryan, Esq., for respondents, they waiving all objections as to the time of hearing, and making report, also agreeing that the copy of the record of the meeting of the village board of Sutton, held April 10, 1886, might be considered as properly authenticated.

"Upon consideration of the pleadings and the evidence, I find as follows:

"1.    That on or about March 22, 1886, the town of Sutton, Clay county, Nebraska, was organized as a city of the second class, with two wards and four councilmen, two in each ward, and was under said organization in April, 1886.

"2.    That at an election of said city, held in April, 1886, J. W. Shirley was elected councilman of the first ward for the term of two years, and C. W. Walther for the term of one year, F. C. Matteson was elected councilman of the second ward for two years, and August Grosshans for the term of one year.

"3.    The said councilmen were duly qualified and entered upon the duties of their office.

"4.    That at a regular session of the city council of said

Sutton, held March 7, 1887, at which were present the mayor and the four councilmen above named, an ordinance, 'to relocate and increase the number of wards in the city of Sutton and to define their boundaries,' was read the third time, and on motion that it be approved, the vote was as follows:

"J. W. Shirley voting aye.

"C. W. Walther voting aye.

"Aug. Grosshans not voting.

"F. C. Matteson not voting.

"Whereupon the mayor voted aye, and declared the ordinance adopted, and the clerk was ordered to have said ordinance published three times in a Sutton newspaper of a general circulation.

"5.    That said ordinance ordained that said city be divided into four wards, and be entitled to two councilmen in each ward, who should be elected at the regular annual election, provided that the councilmen then in office should continue in office in the respective wards until the expiration of their terms of office.

"6.    That under said ordinance an election was held April 5, 1887, in said city, and there were declared elected as councilmen, the respondents herein, to-wit: Clinton B. Gray in the first ward, August Greenheid and William H. Thompson in the second ward, George Honey in the third ward, and Leonard Jarrett and Hiram Jones in the fourth ward.

"7.    That said last named Gray, Greenheid, Thompson, Honey, Jarrett, and Jones received their certificates of election, and claim to exercise, and are now exercising, the duties as councilmen of said city of Sutton, to the exclusion of the relator herein from the office of councilman, by virtue of the aforesaid ordinance and the election held thereunder."

The court will take judicial notice of the fact that Sutton is, and was at the times involved in the proceedings in

question, a city of the second class, containing a population of less than five thousand. Consequently the provisions of the 1st article of chapter 14 of the Compiled Statutes of 1885 must be held as the charter of said city, and as governing and controlling its board of councilmen and officers.

Section 76 of said article provides that, " On the passage or adoption of every by-law or ordinance, and every resolution or order to enter into a contract by the council or board of trustees, the yeas and nays shall be called and recorded; and to pass or adopt any by-law, ordinance, or any such resolution or order, a concurrence of a majority of the whole number of members elected to the council or trustees shall be required," etc.

Section 79 of said article provides that, " All ordinances and resolutions or orders for the appropriation or payment of money, shall require for their passage or adoption the concurrence of a majority of all members elected to the council or board of trustees."

Section 10 of said article provides that, " The mayor shall preside at all meetings of the city council, and shall have a casting vote when the council is equally divided, and none other, and shall have the superintending control of all the officers and affairs of the city, and shall take care that the ordinances of the city and of this chapter are complied with."

Considering these sections together, there can be no doubt that to pass an ordinance for the re-organization of the city by increasing the number of wards, and of the membership of the council, it required the concurring vote of a majority of all the councilmen elected, and the vote of two members of a council consisting of four members was not sufficient, and that the vote of the mayor added nothing to the significance of the proceeding. The provisions of section 10 apply to the general proceedings of the council, and not to the passage of ordinances. It follows, then, that the ordinance of March 7, 1887, is void.

24

Section 4 of the said article provides that: "Each ward in each city shall have at least two councilmen, who shall be chosen by the qualified electors of their respective wards, and who shall serve for two years, and until their successors shall be elected and qualified; and no person shall be eligible to the office of councilman who is not at the time of his election an actual resident of the ward for which he is elected, and a qualified elector under the constitution and laws of the state of Nebraska; and if any councilman shall remove from the ward for which he is elected, his office of councilman shall thereby become vacated; *Provided*, At the first general city election under this charter there shall be two councilmen elected for each ward, the one receiving the greatest number of votes shall serve for two years, and the one receiving the next highest number of votes shall serve for one year, and one councilman for each ward at each annual election thereafter. Whenever there shall be a tie in the election of councilmen, it shall be determined by lot by judges of election of the ward in which it shall happen."

It appears by the report of the referee that, at the election of 1886, which was the first election of councilmen for said city, the relator was elected a councilman for the second ward, to serve for one year, and under the provisions of section 4, above quoted, until his successor should be elected and qualified; and there having been no subsequent election of councilmen for said ward, nor any legal re-organization or redivision of said city into wards, the right of the relator to the said office of councilman of said ward is too plain to admit of a question. Were it not so, the authorities cited by counsel for the relator to that effect would be conclusive.

As I understand it, the question, and the only one, before this court is, whether the relator is lawfully entitled to the office of councilman of the second ward of the city of Sutton. That question must be found in favor of the

relator. Counsel, at the hearing, having expressed a desire that, in case the court should reach the conclusion above expressed, it would also give its opinion upon the effect of the official acts of the city and board of councilmen since the attempted re-organization, I will, for whatever it may be worth, say, that the city of Sutton is a city *de jure*, as well as *de facto*, and entitled to a board of councilmen. This board, while acting and recognized as such by the mayor, clerk, and public, is capable of passing ordinances and transacting all business within the purview of the charter, without regard to its membership, and all ordinances and other measures duly passed or adopted by the mayor and councilmen of said city, while acting under such authority or color of authority, will be upheld.

The judgment will be for the relator.

JUDGMENT ACCORDINGLY.

THE other judges concur.