VOL. 95]     JANUARY TERM, 1914.     39

State, ex rel. Katz-Craig Contracting Co., v. Darner.

STATE, EX REL. KATZ-CRAIG CONTRACTING COMPANY, APPELLEE, V. JOHN H. DARNER, MAYOR, APPELLANT.

FILED JANUARY 7, 1914. No. 17,455.

Municipal Corporations: CLAIMS: ALLOWANCE. The charter of a city provides, "All ordinances and resolutions, or orders for the appropriation or payment of money, shall require for their passage or adoption the concurrence of a majority of all members elected to the council or board of trustees." Comp. St. 1911, ch. 14, art. I, sec. 79. Upon the alleged completion of a contract for the construction of a water-works system, the contractor presented a claim to the city council for the balance alleged to be due. A motion was made to allow the claim and issue a warrant in payment thereof. The council consisted of four members. Three were present, of whom two voted, "Yea," and the third voted, "No." The mayor declared the motion carried. Afterwards a warrant was prepared by the clerk, but the mayor refused to sign the same upon the ground that its issuance was not authorized by a legal majority of the council. *Held*, That the issuance of the warrant was not authorized by law, and that a writ of mandamus to compel the mayor to sign the same should have been refused.

APPEAL from the district court for Dawson county: HANSON M. GRIMES, JUDGE. *Reversed and dismissed.*

*H. M. Sinclair, W. A. Stewart* and *Niles E. Olsen,* for appellant.

*Isidor Ziegler* and *E. A. Cook, contra.*

LETTON, J.

The Katz-Craig Contracting Company was awarded a contract for the construction of a system of water-works in the city of Cozad, a city of the second class. The constructing engineer employed by the city filed his final report with the city council showing the completion of the work, recommending its acceptance, and stating the sum of $6,959.11 was due to the contractor. By an amendment made at the time the council met, this sum was reduced to $5,099.11. The amendment credited the city

with $1,650 for damages for failure to complete the contract within the specified time, and several other minor items.

At this meeting it was moved and seconded that the amended estimate, on a slight change being made, be accepted and a warrant drawn for the amount, which motion carried by a majority of all the members of the council. No representative of the plaintiff was present at this meeting. At a later meeting the following proceedings were had: "Moved by councilman Hess, and seconded by councilman Fochtman, that the proposition of the contractors, namely, that a credit of $300 from the amount of the former estimate of the engineer be accepted, and that warrant be drawn on the water-works fund in the Omaha National Bank for $6,659.11, amount of final estimate. On this motion councilman Fochtman voted, 'Yea,' and councilman Hess, 'Yea,' and councilman Koch, 'No,' and the mayor declared the motion carried." Afterwards the city clerk drew a warrant in accordance with this motion, and the mayor refused to sign it. This action is brought to compel him to do so.

An alternative writ of mandamus was issued. In his answer to the alternative writ, the respondent pleads, in substance, that the order for the payment of the money represented by the warrant was not adopted or concurred in by a majority of all the members elected to the city council of said city, as provided by law, and respondent had no legal right to sign the same; that the warrant was in excess of the amount due under the contract; that a former order was made for $5,099.11, and this order was not repealed, amended, or in any way changed by the city council, yet thereafter, without a majority of all the members concurring in the same, the warrant which the respondent refused to sign was ordered. For a sixth defense the respondent pleaded the non-completion of the contract, and that it was not accepted by the city council of Cozad or its constructing engineer; that there was included in the warrant large sums of money for work and material for which no order in writing had been given;

and that before the warrant was presented for his signature he became aware that the contract was not fulfilled, setting forth in full a number of specifications in which the work did not comply therewith, and pleading that on account of such failure damages and costs would accrue to the city. The answer further contained a general denial to the allegations in the writ. The relator filed a general demurrer to the sixth paragraph to the answer, which was sustained. The case then proceeded to trial, and the court issued a peremptory writ commanding the respondent to sign the warrant. This order was superseded, and respondent appeals.

The first question which it is necessary to consider is whether the order directing the warrant to issue was legally made. In *State v. Gray*, 23 Neb. 365, the facts were that, in a city having four councilmen, upon the passage of an ordinance to redistrict the wards of the city, upon the calling of the "Yeas" and "Nays," two of the councilmen failed to vote, the mayor voted, "Yea," and declared the ordinance passed. The charter of the city provided that, "to pass or adopt any by-law or ordinance * * * a concurrence of a majority of the whole number of members elected to the council, or trustees shall be required." It will be observed that the language is substantially identical with that of section 79, art. I, ch. 14, Comp. St. 1911, governing the question in this case. This section provides: "All ordinances and resolutions, or orders for the appropriation or payment of money, shall require for their passage or adoption the concurrence of a majority of all members elected to the council or board of trustees." The court held that the "vote of two members of a council consisting of four members was not sufficient, and that the vote of the mayor added nothing to the significance of the proceeding." It seems to us that the same rule applies with reference to a vote of the council ordering the payment of money, and that the proceeding whereby the warrant was ordered to be issued by two members of a council of four was not in accordance with the statute. The relator insists that, since no motion for a new trial

was filed in the district court, nothing can be reviewed here except the question as to whether the pleadings support the judgment, and that the question of whether the demurrer to the sixth defense in the answer was properly sustained cannot now be considered.   We think the fundamental ·question is whether the allegations of the petition, which set forth in full the proceedings of the council relating to the allowance of the claims and ordering the isssuance of the warrant, state a cause of action in behalf of the relator.   The relator contends that the words, "or orders for the payment of money" in section 79, *supra*, "can have no reference to paying a debt already contracted, and from a fund already provided, but rather has reference to the payment of money on hand, to a purpose then for the first time considered by the council."   He frankly concedes, "If it is the law that a majority of a quorum may not allow claims, then this claim was not properly allowed."   He also argues that the money realized from the sale of bonds issued upon a vote of the people of the city for the purpose of supplying water-works constituted an appropriation as fully as if the same had been made by the city council.   We have no quarrel with the latter contention, and have so declared.   *Champion Iron Co. v. City of South Omaha,* 93 Neb. 56.

. The relator also quotes section 81, providing that an order for the payment of claims shall specify the particular fund or appropriation out of which they are payable; section 86, providing for an annual appropriation bill; and also section 88, providing that the mayor and council "shall have no power to appropriate, issue, or draw any order or warrant on the treasurer for money, unless the same has been appropriated or ordered by ordinance, or the claim for the payment of which such order or warrant is issued, has been allowed according to the provisions of this chapter;" and argues that the mayor and council have the power to issue and draw an order or warrant on the treasurer for money if the same has been appropriated or ordered by ordinance, or where the claim has been allowed according to the provisions of the charter, and that in

this case the mayor and council, independent of section 79 (since the money had already been appropriated), had the power by a majority of a legal quorum to draw the warrant in question. We do not take this view. These sections of the statute must be considered in connection with section 79, and, since there is no difficulty in giving effect to all they cannot be held to be in conflict. *Fournier v. Mayor*, 94 Mich. 463. Moreover, the city council is a body created by statute with statutory powers which must be exercised in the prescribed manner. "Where the statute prescribes specifically how an act shall be performed by a statutory board, or prohibits its performance under certain conditions by such board, an act in direct violation thereof is absolutely void. *McNay v. Town* of *Lowell*, 41 Ind. App. 627, and cases cited." *Campbell v. Brackett*, 45 Ind App. 293. The issuance of the warrant being unauthorized by the required majority of the council, the alternative writ does not state a cause of action.

The judgment of the district court is reversed and the action dismissed.

REVERSED AND DISMISSED.

BARNES, ROSE and SEDGWICK, JJ., not sitting.