NELSON & COOK V. JOHN F. JOHNSON.

FILED FEBRUARY 19, 1895.   No. 6016.

1. **Review**: RULINGS ON EVIDENCE: BILL OF EXCEPTIONS. Where
it is sought to present for review alleged errors of a trial court
in receiving or rejecting testimony, and also the applicability of
an instruction to portions of the evidence, it is necessary that
there be a properly authenticated bill of exceptions.

2. **Bill of Exceptions**: ALLOWANCE BY CLERK.  A clerk of the
district court has no power to settle and allow a bill of exceptions
unless it is within the exceptions noted and provided for in sec-
tion 311 of the Code of Civil Procedure.

3. **Continuance**: AFFIDAVITS: REVIEW.  Affidavits used on the
hearing of a motion for a continuance cannot be considered in
the appellate court unless preserved by a bill of exceptions.

4. **Instructions**: REVIEW.  An instruction which was a correct
statement of the rule of law applicable to a certain class of tes-
timony, the absence of a properly authenticated bill of excep-
tions precluding its examination in connection with the evidence,
presumed to be without error.

ERROR from the district court of Burt county.   Tried
below before IRVINE, J.

*H. H. Bowes,* for plaintiffs in error.

*N. J. Sheckell, contra*

HARRISON, J.

This action was commenced by plaintiffs against defend-
ant, in the district court of Burt county, to recover the
sum of $—— and interest thereon, alleged in the petition
to be the balance due them on an account.   The answer
pleaded payment.   There was a trial and verdict and, after
motion for new trial overruled, a judgment for defendant,
to reverse which this error proceeding was instituted in
this court.

A number of the errors complained of in the petition refer to the overruling or sustaining of objections to questions during the introduction of the testimony. These we cannot examine, for the reason that there is no properly authenticated bill of exceptions in the record. There appears the following stipulation: "It is hereby agreed that F. E. Ward, clerk of the district court, may settle the bill of exceptions herein and allow the same." According to this agreement the clerk of the district court signed the following statement in the record: "In pursuance of the agreement of the attorneys aforesaid the petition in error and bill of exceptions hereto attached are hereby allowed as the true and correct record upon which this cause was tried." This was not sufficient. In *Scott v. Spencer*, 42 Neb., 632, in an opinion written by RAGAN, C., in which an exactly similar question was passed upon, it was said: "Section 311 of the Code of Civil Procedure provides: 'In case of the death of the judge, or when it is shown by affidavit that the judge is prevented by sickness, or absence from his district, as well as in cases where the parties interested shall agree upon the bill of exceptions and shall have attached a written stipulation to that effect to the bill, it shall be the duty of the clerk to settle and sign the bill in the same manner as the judge is by this act required to do.' To confer authority upon the clerk of a district court to sign and allow a bill of exceptions, then, it must appear that the judge of the district court is dead, or that he is prevented by sickness or absence from his district from signing and allowing the bill, or the parties to the litigation or their counsel must agree upon the bill of exceptions, and attach thereto their written stipulation to that effect. Counsel for the parties to this litigation did agree and stipulate that the clerk might sign the bill of exceptions, but they did not agree by stipulation in writing attached to the bill that it was the correct bill of exceptions in the case. Where it is sought to present to this court alleged errors occur-

ring at a trial in the district court, a bill of exceptions, settled and signed by law, is indispensably necessary;" citing *Reynolds v. Dietz*, 39 Neb., 180; *Edwards v. Kearney*, 14 Neb., 83. (See, also, *Glass v. Zutavern*, 43 Neb., 334.)

One ground assigned as a reason for reversing the judgment is the overruling of plaintiffs' motion for a continuance. The granting or refusal of a motion for a continuance is a matter which is discretionary with the trial court, and, judged by the record, there was no abuse of discretion in refusing a continuance in this case. It will not be presumed that the action of the court was erroneous, and if there is nothing in the record from which it appears that the decision was wrong, it will be approved. There are some affidavits in the record which were probably used on the hearing of the motion for a new trial, but they are not identified as having been so used and are not preserved by a bill of exceptions, which renders them ·unavailable in this court. (*Barton v. McKay*, 36 Neb., 632, and cases cited.)

The only other assignment of error is that the court erred in giving paragraph five of the instructions to the jury, given on its own motion. The instruction attacked was as follows: "The books of account kept by Fried were received in evidence and are to be accorded such weight as under the circumstances you think them entitled to. The plaintiffs have also put in evidence certain admissions alleged to have been made by defendant in regard to the account. Such admissions are to be received with caution, but you should consider them in connection with the other evidence and give them such weight as you think them entitled to." The portion of the instruction to which counsel for plaintiffs objects is contained in the words, "such admissions are to be received with caution," which he claims does not correctly state the law. In the case of *Kelman v. Calhoun*, 43 Neb., 157, in an opinion written by POST, J., this court said in reference to admissions: "It

has been said that mere verbal admissions should be received with caution. That such evidence, 'consisting, as it does, in the mere repetition of oral statements, is subject to much imperfection and mistake' (1 Greenleaf, Evidence, 200), although admissions, deliberately made and precisely identified, may afford proof of the most satisfactory character." From the above it is clear that as to one class of admissions the rule announced by the court, to which exception was taken, was entirely pertinent and applicable. Whether the admissions to which the attention of the jury was by it directed were such as came within its terms could only be determined by an examination of the testimony in which they were contained, and as this was not preserved in a bill of exceptions in a manner authorized by law, it cannot be used for this or any other purpose, and, applying the rule that error will not be presumed but must affirmatively appear, the action of the court in giving the instruction designated must be upheld. It follows that the judgment of the district court will be

AFFIRMED.

IRVINE, C., not sitting.