GEORGE OSBORN, APPELLANT, v. VILLAGE OF OAKLAND
ET AL., APPELLEES.

FILED OCTOBER 7, 1896.   No. 8416.

Quo Warranto: MUNICIPAL CORPORATIONS. An information in the nature of *quo warranto*, and not a bill for injunction, is the appropriate remedy to test the legal existence of a municipal corporation.

APPEAL from the district court of Burt county. Heard below before POWELL, J.

*M. R. Hopewell* and *E. R. Duffie*, for appellant.

*J. G. Arthur, Ira Thomas,* and *W. G. Sears, contra.*

NORVAL, J.

The village of Oakland was incorporated in 1881, and since which time the village organization has been maintained without any attempt to form or perfect a city

government, until March 14, 1896, when the board of trustees, both by resolution and ordinance duly adopted, declared said village of Oakland to be a city of the second class, and the municipality was divided into two wards and the boundaries thereof defined. The board of trustees having threatened to call an election to be held on the first Tuesday in April, 1896, for the election of city officers, this action was instituted to enjoin the calling or holding of such proposed election. The petition sets up the foregoing facts, and further alleges that Oakland contains less than 1,000 inhabitants. A demurrer to the petition was sustained, and the action dismissed. Plaintiff appeals.

Section 1, article 1, chapter 14, Compiled Statutes, 1895, declares that "all cities, towns, and villages containing more than one thousand and less than twenty-five thousand inhabitants shall be cities of the second class and be governed by the provisions of this chapter, unless they shall adopt a village government as hereinafter provided." By the foregoing provision each village in this state containing the population required by statute is a city of the second class without any action on the part of the municipality, and it is the duty of the board of trustees to divide the territory embraced therein into not less than two wards, and call an election at the proper time for the election of city officers. (*State v. Palmer*, 10 Neb., 203; *State v. Holden*, 19 Neb., 249; *State v. Babcock*, 25 Neb., 709.) It follows that if Oakland has a population of over one thousand inhabitants, it is a city of the second class; otherwise not.

It is patent that the object and purpose of this proceeding is to test the corporate existence of Oakland as a city of the second class, and the question presented is whether injunction is the appropriate action. It is a general rule, supported by the decisions of this and other states, that equity will not grant a party relief by injunction, where he has a plain and adequate remedy at law. It is likewise a well established doctrine in this

country that *quo warranto* is the proper remedy to inquire whether a municipal corporation was legally created, as well as to oust persons exercising the privileges and powers of corporate officers when the municipal corporation has no legal existence. (*State v. Uridil*, 37 Neb., 371; *State v. Dimond*, 44 Neb., 154; *State v. Mote*, 48 Neb., 683; High, Extraordinary Legal Remedies [3d ed.], sec. 684.) An information in the nature of a *quo warranto*, and not a bill for injunction, is the appropriate remedy.

In 2 High, Injunctions, sec. 1261, it is said: "Equity is averse to interference by injunction with the formation of local governments or municipalities in accordance with law. And where proceedings are being had under the laws of a state for the incorporation of a village, property owners within the proposed village limits will not be permitted to enjoin such organization because the territory in question does not contain the requisite population, or because complainants would thereby be subjected to burdens of local government largely disproportionate to the benefits accruing therefrom, or upon the ground of informality in the proceedings. Nor will the relief be allowed in such case upon the application of the attorney general, in behalf of the people of the state. And a bill for an injunction cannot be maintained to have declared null and void proceedings for the incorporation of a village under an act of legislature for the incorporation of villages, the appropriate remedy in such a case being by proceedings in the nature of a *quo warranto*." (See Beach, Injunctions, sec. 1305; *Willis v. Stapels*, 30 Hun [N. Y.], 644; *State v. Minnerly*, 6 T. & C. [N. Y.], 318; *People v. Clark*, 70 N. Y., 518; *Lane v. Morrill*, 51 N. H., 422.) Although it is not sought to thwart the formation of a city government for Oakland, the principle underlying the above authorities is decisive of the case before us, since the purpose is to prevent the election of officers to manage the affairs of the municipality on the ground that it has no corporate existence.

The decisions of this court cited by plaintiff do not sus-

tain his contention that injunction is the proper action. Doubtless, an injunction will lie, in a proper case, to restrain a municipal officer from performing an act in violation of law, but that is no reason why an injunction against such an officer may be resorted to, when the sole object or purpose to be accomplished is to test the validity of the corporation.   In the one case a remedy at law is afforded, while in the other equity alone can grant speedy and adequate relief.

It is claimed that equity will enjoin the action of municipal officers from acting in excess of the corporate power.   Undoubtedly, as a general rule, this is true; but if Oakland contains more than 1,000 inhabitants it is an incorporated city, and it was the duty of the defendant to call an election for city officers.   To determine that the defendants were about to proceed unlawfully in calling the proposed election would require us to judicially ascertain whether Oakland is a village or city, and that cannot be done in this form of action.   The judgment dismissing the petition is right, and it is

AFFIRMED.