### L. H. FORT ET AL. V. R. B. THOMPSON.

FILED DECEMBER 2, 1896. No. 8449.

Injunction: QUO WARRANTO. A court of equity will not at the suit of a private individual enjoin the county clerk, treasurer, and county judge from appointing county commissioners under section 68, article 4, chapter 18, Compiled Statutes, 1895, the remedy being complete at law, by *quo warranto* against the persons appointed.

ERROR from the district court of Webster county. Tried below before BEALL, J.

*James McNeny,* for plaintiffs in error.

*J. S. Gilham, contra.*

NORVAL, J. :

At the general election held in November, 1894, there was submitted to the electors of Webster county the proposition whether township organization should be discontinued. The vote was returned to the county clerk and canvassed, which showed that there were cast at said election in said county 2,500 votes, of which 995 were in favor of discontinuing township organization and 985 against the proposition. On the 4th day of January, 1895, R. B. Thompson, an elector and taxpayer of Web-

ster county, instituted this action in the district court to restrain the defendants, who are, respectively, the county clerk, county judge, and treasurer of said county, from perfecting the newly adopted system of county government by appointing county commissioners in pursuance of the provisions of section 68, article 4, chapter 18, Compiled Statutes, 1895. The grounds set up in the petition for relief are that the petition for submitting the question of the discontinuance of township organization was not signed by the requisite number of electors of the county; that, excluding the legal votes cast in favor of the proposition, it was not carried at the election, but was defeated; certain irregularities and misconduct on the part of the election officers in specified polling places; and that the board of canvassers who canvassed the returns of said election did not declare the result, or that the proposition to discontinue township organization had been carried. The defendants demurred to the petition upon the ground, among others, that it failed to state sufficient facts to constitute a cause of action, which demurrer was overruled, and a perpetual injunction was granted as prayed. The defendants have prosecuted error therefrom to this court.

The question presented for review is whether the petition states any sufficient ground for the equitable interference of the court, or for relief by injunction. Authority is conferred by the statute upon any county under township organization to discontinue such form of government whenever the majority of the electors of the county voting upon the question shall have so decided, at an election legally called for that purpose. (Compiled Statutes, ch. 18, art. 4, secs. 63, 70.) Section 64 of said article provides for the submission of the question of the discontinuance of township organization to the voters of the county, and the next section prescribes the forms of the ballots.

"Sec. 66. If it shall appear from the returns of said election that a majority of the votes cast on the question

are against the continuance of township organization, then such organization shall cease to exist as soon as a board of county commissioners are appointed and qualified, as hereafter provided.

"Sec. 67. When township organization shall cease in any county, as provided by this act, the office of county commissioner, which became vacant by reason of its adoption, is hereby restored, and such county is hereby divided into commissioner districts, with the same boundaries and comprising the same territory as such districts had when township organization was adopted.

"Sec. 68. On the first Saturday after the first Tuesday of January following the election at which township organization shall be voted to be discontinued the county commissioners of such county, for the purpose of temporary organization under this act, shall be appointed by the county clerk, treasurer, and county judge of said county, and their successors shall be elected at the next general election, in the manner provided by law in cases of the first election of a board of commissioners in any county."

The legislature has made ample provisions for any county abandoning township organization and returning to the commissioner system of county government. The record discloses that the question of changing the form of government of Webster county was voted upon by the electors of the county, and that upon the face of the returns a majority of the votes cast was in favor of the proposition. It is sought by this action to restrain the appointment of commissioners in accordance with section 68 above quoted, and thereby thwart the effecting of a temporary county organization in the mode contemplated by statute. We do not think the petition presents a case for equitable cognizance. The plaintiff seeks to have it judicially determined, in advance of any appointment being made, that the proposed or threatened appointment of commissioners by the defendants will be void. The powers of a court of equity cannot be successfully invoked

for such a purpose. The action is not to protect some private right of the plaintiff, or to prevent a private wrong from being inflicted. If for any cause the election in Webster county for the discontinuance of township organization is illegal and invalid, and the defendants should make the threatened appointment, yet the plaintiff or the public may never be injured thereby, since the persons so selected as commissioners might decline to qualify as such. Should they accept and attempt to discharge the duties of county commissioners redress could be obtained by *quo warranto* proceedings. (*Judd v. Town of Fox Lake*, 28 Wis., 583; *Jones v. Black*, 48 Ala., 540; *Seager v. Kankakee County*, 102 Ill., 669; *Delahanty v. Warner*, 75 Ill., 185; *Holmes v. Oldham*, 1 Hughes [U. S. C. C.], 76; *People v. City of Galesburg*, 48 Ill., 485; *Brown v. Reding*, 50 N. H., 336; 2 High, Injunctions, sec. 1312; *Reemelin v. Mosby*, 47 O. St., 570.) The last was an action to enjoin the mayor of Cincinnati from appointing members of the board of city affairs, on the ground that the law providing for their appointment is unconstitutional. It was held that injunction was not the appropriate remedy. The court in passing upon the question say: "There is yet no person setting up any claim to the offices held by plaintiffs, and, according to the petition, there can be none until the defendant shall exercise his power of appointment. There is no averment that the defendant is attempting to interfere with the possession of the plaintiffs, or that he threatens to do so. The averment is that he threatens to appoint the members of the board of city affairs in pursuance of the act passed at the special session of the legislature, and that 'such members, if appointed, will attempt to take possession of the offices now held by plaintiffs and to exercise and perform the duties lawfully incumbent upon the plaintiffs, and that they will endeavor to intrude into said offices and seize upon the records and property therein situated.' Such attempted interference on the part of those who shall be appointed may, as we have seen, afford grounds for an in-

junction against them. The present action, however, has no other purpose than to prevent the mayor from exercising his appointing power under the statute referred to, because it is feared that the persons whom he may appoint to fill the offices thereby created may attempt to deprive the plaintiffs of those claimed by them. The only interest the plaintiffs now have, in seeking to test the constitutionality of the statute, is to have it determined, in advance of any appointments under it, that persons so appointed will acquire no valid title to the offices they may be selected to fill; and to have it adjudged that by reason of the unconstitutionality of the act the offices held by the plaintiffs have not been abolished, and, therefore, their continuing title to them is unassailable, notwithstanding the act. The petition presents no questions for adjudication except those relating to the title of the plaintiffs to the offices they claim to hold, and the authority of the mayor to perform the official act of appointing other officers under the provisions of the statute. For the settlement of these questions injunction is not the proper remedy. An adequate remedy at law is provided." In *Osborn v. Village of Oakland*, 49 Neb., 340, decided at the present term, it was held that the holding of an election by the municipality for city officers would not be enjoined upon the alleged ground that the corporation had no legal existence as a city. The principle which controlled the decision in that case governs this. The decree of the district court is reversed and the action dismissed.

REVERSED AND DISMISSED.