MICHAEL F. HARRINGTON ET AL., APPELLEES, v. JOHN HEDLUND, APPELLANT.

FILED MAY 6, 1911. No. 16,445.

1. **Continuance: DISCRETION OF COURT: REVIEW.** In absence of an abuse of discretion on part of the trial court, reversible error does not appear in an order denying a continuance.

2. **Appeal: ADMISSION OF EVIDENCE: OBJECTIONS.** Appellant cannot predicate error on the admission of incompetent testimony to which he made no objection.

APPEAL from the district court for Holt county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*John A. Davies,* for appellant.

*R. R. Dickson,* contra.

ROSE, J.

Plaintiffs are attorneys at law, and brought this action to recover $320 for professional services in procuring for defendant the title to a quarter-section of land in Boyd county. Defendant had settled on the land, and attempted to obtain a patent for it from the federal government under the homestead laws, but was defeated because it was in that part of the Fort Randall Military Reservation selected by the state as school lands in lieu of other school lands of which the state had been deprived by early homesteaders. Defendant's controversies extended over a series of years, and he eventually acquired title from the state. In the meantime his claims were alternately presented by plaintiffs to the federal land office, to the interior department at Washington, and to the state legislature, and he was in constant litigation in both state and federal courts. In these matters plaintiffs also acted on behalf of other settlers similarly situated. The case was tried to a jury, and from a judgment for the full amount of their claim defendant has appealed.

1. The first assignment of error is based on an order overruling a motion by defendant for a continuance. He resided in Boyd county, but was sued in Holt. An affidavit in support of the motion shows, in substance: The defense is based on a contract whereby plaintiffs agreed that, if they were unable to secure the land for defendant at $7 an acre, no charge against him would be made by them except for expenses, which have already been paid. To establish his defense he relies upon the attendance of 15 residents of Boyd county, who were present when the agreement was made, and against whom plaintiffs assert that they have claims for professional services. For the purpose of enforcing such claims, plaintiffs have threatened his Boyd county witnesses with suits in Holt county, and in consequence they refuse to attend court therein to testify on behalf of defendant. It is therefore necessary to take their depositions. Defendant expects to show by them that plaintiffs have not performed their agreement with him, and will have the depositions ready by the next term of court. He was taken by surprise when plaintiffs threatened to sue his witnesses. The motion is not made for the purpose of delay.

This suit was commenced originally in the county court of Holt county, and was afterward appealed to the district court. Defendant therefore had ample time for preparation. The proofs show that, before commencing this suit, plaintiffs threatened to sue him in Holt county, if he did not pay them their fees. Having himself been thus threatened, he ought not to have been surprised by like threats to sue other clients similarly situated. With the record in the condition described, it cannot be said on appeal that the trial court abused its discretion in overruling the motion.

2. Error in admitting proof that plaintiffs appeared before a committee of the legislature on behalf of defendant, though they made no claim in their petition for such services, is also assigned. While some objections to testimony of this character were interposed, details of all the

21

facts relating thereto were admitted without objection. It follows that the judgment cannot be reversed on this ground.

No other assignment of .error being urged, the judgment is

AFFIRMED.