REUBEN W. MAHAFFY, APPELLEE, v. HANSEN LIVE STOCK
& FEEDING COMPANY, APPELLANT. :

FILED JULY 14, 1920.  No. 21046.

1. **Appeal: CONTINUANCE.** A continuance of a cause is largely within the discretion of the trial court, and an order denying a continuance will not be reversed except for an abuse of discretion.

2. **Principal and Agent: AUTHORITY OF AGENT.** "Where a principal has, by his voluntary act, placed an agent in such a situation that a person of ordinary prudence, conversant with business usages and the nature of the particular business, is justified in presuming that such agent has authority to perform a particular act, and therefore deals with the agent, the principal is estopped as against such third person from denying the agent's authority. Whether or not an act is within the scope of an agent's apparent authority is to be determined under the foregoing rule as a question of fact from all the circumstances of the transaction and the business." *Johnston v. Milwaukee & Wyoming Investment Co.*, 46 Neb. 480, followed.

APPEAL from the district court for Lincoln county: HANSON M. GRIMES, JUDGE. *Affirmed.*

*W. E. Shuman* and *Chez & Barker*, for appellant.

*W. T. Wilcox* and *Halligan, Beatty & Halligan*, contra.

DAY, J.

The plaintiff recovered a judgment against the defendant in the district court for Lincoln County, based upon allegations which in effect amount to an account stated. To review this judgment the defendant has appealed.

The record shows that the plaintiff and the defendant, through a series of telegrams, entered into a contract whereby the defendant agreed to pasture 1,200 head of cattle in the plaintiff's pasture at the price of $2 a head for the season. The plaintiff by his telegram represented that his pasture would care for that number of cattle. Pursuant to this contract the defendant ship-

ped from time to time and placed in the plaintiff's pasture, as shown by the testimony, 32 car-loads, variously estimated at from 800 to 1000 head. These cattle were under the control and management of one Gottlieb, an agent of the defendant. He exercised complete control over them, shipped them out from time to time, paid numerous bills incident to their care, and on two occasions, prior to the settlement and the giving of the draft for $900 hereinafter referred to, had paid the plaintiff $1,500 on account of the pasturage, the same being paid by two drafts on the defendant, and which were honored by it. At the close of the feeding season there still remained in the pasture about 60 head. A settlement was accordingly had beteen Gottlieb and the plaintiff, which resulted in an agreement being reached that there was a balance due the plaintiff upon the pasturage of $900, and thereupon Gottlieb drew a draft upon the defendant as he had done twice before, for the sum of $900 and delivered it to the plaintiff, and thereupon the plaintiff permitted the balance of the cattle to be removed from the pasture and shipped to market. The defendant failed to honor this draft, and this suit was instituted.

The answer admitted the contract as disclosed by the telegrams, but alleged that defendant did not pasture more than 750 head of cattle, for the reason that there was not adequate pasture and water supply for any more. It denied that Gottlieb had any authority to make a settlement or to draw the draft, and denied that it was indebted to the plaintiff in any sum whatsoever.

While there are a number of assignments of error, in their last analysis they can be reduced to two questions, viz.: Did the court err in overruling the defendant's application for a continuance over the term? And is the evidence sufficient to establish authority in Gottlieb to bind his principal in the settlement? The record shows that the action was commenced in December, 1917, and

the answer filed February 18, 1918. On January 20, 1919, the case was set down for trial and regularly reached for trial on January .27, 1919. On that day the local counsel for the defendant, Mr. William E. Shuman, filed a motion for continuance of the case over the term, supported by his affidavit, in substance, that the defendant had no witnesses present to establish its defense; that the entire preparation of the case, including the drafting of the answer, was in the hands of chief counsel residing at Ogden, Utah, the location of the defendant company; that the names of the prospective witnesses had not been furnished affiant by the chief counsel, and therefore the names of such witnesses could not be set out or the facts to which such witnesses would testify if personally present; that such witnesses resided at Ogden, Utah, and that their testimony would establish the allegations of the answer; that a telegram had just been received from the chief counsel that an important witness was sick, and that arrangements had been made to procure a doctor's certificate of such illness.

This showing is entirely insufficient. The names of no witnesses are given, nor the facts to which they would testify if present. The matter of the continuance of a cause is largely within the discretion of the trial court, and an order denying a continuance of a case will not be reversed except for an abuse of such discretion. *Kramer v. Weigand,* 88 Neb. 392; *Harrington v. Hedlund,* 89 Neb. 272. The record shows that ample opportunity was given the defendant to be ready for trial, or, if not ready, to make such a showing of facts as would justify the court in granting a continuance. The failure in this case was laches on the part of the defendant.

We deem it but justice to say of Mr. Shuman, the local counsel, that he is entirely blameless for the situation in which he was placed. For reasons not apparent

.he was not apprised of the facts of the case or the names of defendant's witnesses. He was sent into battle without a shield or a sword. We are unable to say that the ruling of the court on this motion was an abuse of discretion.

Is the evidence sufficient to establish that Gottlieb, as agent for the defendant, had authority to bind his principal in the matter of the settlement? The question of agency is always one of fact to be determined from the evidence in each particular case. It seems to us quiet clear that the acts of Gottlieb, as hereinbefore described, which were brought home to his principal, are such as to bring this case within the rule announced in *Johnston v. Milwaukee & Wyoming Investment Co.*, 46 Neb. 480, in which it was held: "Where a principal has, by his voluntary act, placed an agent in such a situation that a person of ordinary prudence, conversant with business usages and the nature of the particular business, is justified in presuming that such agent has authority to perform a particular act, and therefore deals with the agent, the principal is estopped as against such third person from denying the agent's authority. Whether or not an act is within the scope of an agent's apparent authority is to be determined under the foregoing rule as a question of fact from all the circumstances of the transaction and the business."

From a careful review of the case, we find no reversible error. The judgment is

AFFIRMED.

ALDRICH, J., not sitting.