JAMES D. SHAW, APPELLANT, V. DIERS BROTHERS & COMPANY ET AL., APPELLEES.

FILED NOVEMBER 25, 1932. No. 28367.

*J. M. Fitzgerald,* for appellant.

*Hall, Cline & Williams* and *Clarke & Patterson, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

EBERLY, J.

This is an appeal from a judgment of the district court for Scotts Bluff county denying a recovery under the terms of the workmen's compensation law. The immediate question before the court is the vulnerability of the bill of exceptions, filed by the appealing plaintiff, to defendants' motion to quash, based on the contention that it was not presented to the proper officer for settlement and allowance within 100 days "from the adjournment *sine die* of the term of court * * * at which the motion for a new trial was ruled on." Comp. St. 1929, sec. 20-1140. In the consideration of this question, the following chronology is important: Judgment appealed from was rendered March 3, 1932; motion for new trial was overruled March 12, 1932. Both of these dates were days of the regular October, 1931, term of the district court for Scotts Bluff county. Transcript on appeal was filed in this court on April 9, 1932, and, also, the bill of exceptions attacked, containing the evidence adduced at the trial and purporting to have been allowed and settled and filed by the clerk of the district court for Scotts Bluff county on July 12, 1932, appears to have been filed in this court on August 29, 1932. On September 2, 1932, defendants (appellees) filed in this court a motion to quash this bill of exceptions, based on the fact that the October, 1931, term of the district court adjourned *sine die* on March 26, 1932, and that said proposed bill of exceptions "was not presented to the clerk of the district

court for Scotts Bluff county, Nebraska, within one-hundred days after March 26, 1932, nor until the 12th day of July, 1932, and was not signed, settled or filed in the office of said clerk until said 12th day of July, 1932." The service of notice of this application, and that it would be presented to this court on September 19, 1932, at 9 o'clock a. m., etc., was accepted by appellant's attorney on August 31, 1932. On September 2, 1932, written "suggestion of diminution of the record" was likewise filed in this court, with acceptance of service of the same by appellant's attorney on August 31, 1932. In accordance therewith, it was presented to this court on September 19, 1932, and, after argument of counsel, this court sustained an application for a continuance made on behalf of defendants, and, on the record then before it, overruled the motion to quash the bill of exceptions, and sustained the motion of defendants for leave to supply, as omitted from the transcript, a certified copy of the order of the district court for Scotts Bluff county disclosing the adjournment of the October, 1931, term thereof *sine die* on March 26, 1932. A duly certified copy of this order of final adjournment was thereupon filed on September 19, 1932. On October 12, 1932, defendants filed a motion in this court to reconsider their motion to quash the bill of exceptions, accompanied by affidavit, and based upon the certified copy of the order of final adjournment referred to. This motion was argued and submitted at the time of the submission of this appeal on its merits.

Section 20-1140, Comp. St. 1929, covering the subject of the allowance and settlement of bills of exceptions, provides in part: "When it is shown by affidavit that the judge is prevented by * * * absence from his district, * * * it shall be the duty of the clerk to settle and sign the bill in the same manner as the judge is required to do; and shall thereupon be filed with the papers in the case, and have the same force and effect as though signed by the court."

In reference to the exercise of these statutory powers

by the clerk of the district court, we are committed to the view that "A clerk of the district court has no power to settle and allow a bill of exceptions unless it is within the exceptions noted and provided for in section 311 (section 20-1140, Comp. St. 1929) of the Code of Civil Procedure." *Nelson v. Johnson,* 44 Neb. 7. And also: "The clerk of the district court is clothed with the power to sign and allow a bill of exceptions, when it is made to appear by affidavit that the trial judge is absent from his district." *Chicago, B. & Q. R. Co. v. Hyatt,* 48 Neb. 161.

The bill of exceptions in this case discloses by the certificates attached thereto that on June 13, 1932, the draft of the proposed bill of exceptions was received for "examination and amendment." On June 20, 1932, it was returned to appellant's attorney with certain proposed amendments by interlineation, which all parties agreed to. It is also certified to by the court reporter as containing all the evidence offered in the trial of the case. Then follows an affidavit, made a part of such bill of exceptions, executed by appellant's attorney on July 12, 1932, setting forth that at all times subsequent to June 20, 1932, the district judge, who tried this action, was absent from the seventeenth judicial district, and as such unable to settle and sign the bill of exceptions. Following this affidavit is the certificate of the clerk of the district court, bearing date July 12, 1932, approving, signing and settling the proposed draft "as the bill of exceptions of said cause in said court." There also appears the indorsement of the filing of said bill of exceptions in the office of the clerk of the district court for Scotts Bluff county, under date July 12, 1932, and the certificate of this official likewise attached to this record, "that this is the original bill of exceptions filed in the office of said clerk," etc., dated July 12, 1932.

Supporting appellees' motion to quash this bill of exceptions are two affidavits of the clerk of the district court to the effect that said bill of exceptions had never been presented to him, nor had he been requested to sign

the same, prior to July 12, 1932. The affidavit of appellant's attorney, presented on the hearing in this court, is a substantial contradiction of all the facts set forth in these affidavits. We do not find it necessary or proper to determine the issues of fact thus made.

We are committed to the view that a bill of exceptions, including the record of the statutory steps necessarily taken in its settlement and allowance, constitutes a record of the district court. This record, to be available in proceedings on appeal and error, must be certified by the clerk of the district court as either the original bill of exceptions or as a transcript thereof, and that the same has been duly filed in his office as one of the records in the case presented for review. *Crawford v. Smith,* 57 Neb. 503; *Palmer v. Mizner,* 2 Neb. (Unof.) 903; *Stanser v. Cather,* 82 Neb. 136.

·It is likewise true that the trial court is the only tribunal possessing jurisdiction to modify, correct, and supply omissions in its own records; and when such records, or properly certified transcripts thereof, are filed in this court, duly authenticated, they impart absolute verity. *Edwards v. Kearney,* 14 Neb. 83; *Hoagland v. Van Etten,* 23 Neb. 462; *In re Estate of Getchell,* 98 Neb. 788.

It follows that the affidavits filed in this court by the parties for the purpose of supplying alleged omissions will be wholly disregarded, and the questions determined exclusively from the records as authenticated by the certificate of the clerk of the district court.

According then to the record now before us, as thus restricted, the term of the district court at which the motion for a new trial was denied adjourned *sine die* on March 26, 1932. ·The 100 days, which the orders of the district court authorized and to which the limitation of the statute restricted the presentation of the proposed bill of exceptions in this case for settlement and allowance therefor, fully expired prior to the date of the making of this affidavit (July 12, 1932), as to the continued absence of the district judge of this district, in reliance upon

which the clerk on the same date purported to "settle and allow" the proposed bill of exceptions, and thereupon filed the same in his office as such. Under the circumstances of this case, the presentation of this affidavit of the judge's continued absence was a prerequisite to the exercise of this power of settlement and allowance by the clerk. *Nelson v. Johnson,* 44 Neb. 7. So, too, the bill of exceptions to be settled by the clerk upon presentation of the affidavit as to the judge's absence must be, together with such affidavit, completed, presented to, and acted upon by such clerk within the time fixed by statute or within the time allowed by the court or judge for settlement of such bill of exceptions. *Reynolds v. Dietz,* 39 Neb. 180. The time thus limited cannot exceed 100 days from the final adjournment of the term at which a judgment was rendered or the motion for new trial ruled on, and a bill allowed in violation of this statute will be quashed. *Walker v. Burtless,* 82 Neb. 211; *Lincoln Land Co. v. Commonwealth Oil Co.,* 109 Neb. 652; *Conway v. Grimes,* 46 Neb. 288.

In view of the facts of the present record, the accepted doctrine of this court is that the time for settling a bill of exceptions will not be extended beyond the 100 days provided by statute, although appellant was diligent, and the delay was not caused by his fault. His remedy, if any, is a new trial in the court of original jurisdiction. *Horbach v. City of Omaha,* 49 Neb. 851; *Mathews v. Mulford,* 53 Neb. 252.

We are also committed to the view that workmen's compensation cases are in no manner exempted from the provisions of the statute heretofore quoted in reference to settlement and allowance of bills of exceptions. *Hanley v. Union Stock Yards Co.,* 100 Neb. 232.

It follows that we are now required to quash the bill of exceptions filed in this case. Further, plaintiff's appeal presenting only questions of fact which require an examination of the evidence, and the pleadings supporting the judgment of the trial court, it is

AFFIRMED.