JESSE L. FREEMAN ET AL., APPELLANTS, v. THE CITY OF NELIGH, NEBRASKA, A MUNICIPAL CORPORATION, ET AL., APPELLEES.

53 N. W. 2d 67

Filed April 18, 1952.   No. 33139.

*Brogan & Brogan,* and *Lightner & Johnson,* for appellants.

*Elven A. Butterfield, Thomas L. Grady,* and *Perry & Perry,* for appellees.

Heard before SIMMONS, C. J., MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ., and ANKENY, District Judge.

CHAPPELL, J.

In this action plaintiffs sought to enjoin defendants, City of Neligh, a municipal corporation of the second class, the mayor thereof, and four individuals allegedly purporting to be members of the city council, from entering into contracts for street improvements, issuing bonds, and levying special assessments to pay therefor under an alleged null and void ordinance creating street improvement districts Nos. 4 to 12 inclusive, in the manner provided by section 17-511, R. S. 1943, an alleged unconstitutional statute.

With consent of all counsel, after a pre-trial conference, the case was set for hearing upon the merits September 4, 1951, at 10 a. m. At that time by leave of court, as provided by section 25-1148, R. R. S. 1943, oral evidence was adduced by the parties upon plaintiffs' motion and application for a continuance predicated upon defendants' alleged refusal to produce or permit plaintiffs to timely inspect and compare certain original records of the city with a certified copy of the proceedings involved. A continuance was denied, but the hearing was adjourned from 10:40 a. m. to 1:30 p. m., as requested by plaintiffs' counsel, to permit them to inspect and compare a relevant transcript of the proceedings with the original records, which concededly plaintiffs' counsel had theretofore inspected for a couple of hours. At 1:30 p. m., without further objections by plaintiffs, the trial court proceeded to hear the issues presented upon the merits.

Plaintiffs adduced their evidence and rested, whereupon defendants severally moved to dismiss plaintiffs' action for want of any lawful right and sufficient evidence to entitle them to injunctive relief as prayed. Defendants' motion was argued and submitted to the trial court, whereupon the court entered an order sustaining the motion, finding generally against plaintiffs and in favor of the defendants, and dismissing the action at plaintiffs' costs. Their motion for new trial was subsequently overruled and plaintiffs appealed, assigning some 12 alleged errors, but arguing only those assigning that: (1) The judgment was not sustained by the evidence but was contrary thereto and contrary to law; and (2) the trial court erred in refusing to grant plaintiffs a reasonable continuance. We conclude that the assignments should not be sustained.

In order to clarify the issues presented to the trial court as distinguished from those raised for the first time in this court, we summarize the pleadings. In that connection plaintiffs substantially alleged in their petition that they were residents and taxpayers of defendant city and that said city was a municipal corporation of the second class, of which defendant F. G. Benning was mayor and the other four individual defendants purported to be members of the city council.

Paragraph 3 alleged that on or about March 12, 1951, while so purporting to act as members of the council, such defendants attempted to pass ordinance No. 285 creating the aforesaid paving districts, which ordinance was null and void by reason of sections 17-611 and 18-301, R. S. 1943, in that upon other occasions but not in the proceedings here involved the four members of the council had allegedly been severally interested directly or indirectly in contracts to which defendant city was a party, thereby disqualifying themselves to be or act as members of the city council and pass such ordinance. Concededly, such defendants had been duly elected and qualified, and there was no allegation that any one or

more of them had been theretofore removed from office by appropriate proceedings.

Paragraph 4 alleged that said ordinance was null, void, and of no effect because it was not read upon three different days as required by law, and that the rule requiring it to be so read was not suspended as provided by section 17-614, R. S. 1943.

Paragraph 5 alleged that even if such ordinance was validly enacted, the notices and subsequent proceedings were invalid and of no force because under the provisions of section 18-130, R. S. 1943, said ordinance could not have gone into effect until 30 days after its passage, but nevertheless defendants did not allow said time to elapse but within such period, before such ordinance became effective, they began to publish notice of creation of the districts, which, for want of an effective ordinance then existing, made all subsequent proceedings null and void.

Paragraphs 6, 7, and 8 alleged, insofar as important here, that section 17-511, R. S. 1943, under which defendants purported to act, was unconstitutional because its provisions did not give resident adjacent property owners who were required to help pay for the improvements the same right to object to creation of the districts as that given to resident directly abutting property owners. There was thus allegedly created an unreasonable classification of property owners which deprived resident adjacent owners of their property without due process of law. Other reasons for unconstitutionality were alleged in such paragraphs but they were all specifically abandoned in the brief.

Plaintiffs thereafter alleged that they had no adequate remedy at law and that unless defendants were enjoined from so unlawfully proceeding as they threatened to do, plaintiffs would suffer irreparable damages and be deprived of their property without due process of law. The prayer asked for injunctive relief in conformity with and predicated upon the aforesaid allegations.

Defendants' answer admitted that plaintiffs were residents and taxpayers of the city; and alleged that the defendant Benning was the mayor and the other four individual defendants were the duly elected and acting members of defendant city council. Defendants specifically denied the allegations in paragraph 4 of plaintiffs' petition and alleged that the rules with regard to the reading of such ordinance were duly suspended and said ordinance was unanimously adopted by members of the council; and denied generally all other allegations in plaintiffs' petition. Defendants' prayer was for dismissal of plaintiffs' action. Plaintiffs' reply thereto denying generally perfected the issues.

Plaintiffs argued in their brief that they were entitled to an injunction because objections to creation of some of the districts were timely filed but the city had failed, neglected, or refused to perform its quasi-judicial function requiring it to ascertain and determine whether or not they were timely filed and sufficient to extinguish the right of the council to proceed, but nevertheless it threatened or continued to unlawfully proceed under the statute and ordinance here involved. The duty of a city council in such a situation was discussed in Hiddleson v. City of Grand Island, 115 Neb. 287, 212 N. W. 619, wherein a statute comparable with the pertinent provisions of section 17-511, R. S. 1943, was construed and applied. However, contrary to plaintiffs' contention, no such issues were pleaded in plaintiffs' petition, and the record does not disclose that the case was tried upon any such theory. Thus, such issues were never presented to the trial court by plaintiffs, and we are not required to decide or discuss them further except to apply the rule that: "An issue, not presented in the trial court, may not be raised for the first time in the supreme court." Stroud v. Payne, 124 Neb. 612, 247 N. W. 595. See, also, Harlan County v. Thompson, 125 Neb. 65, 248 N. W. 801; State ex rel. Sorensen v. Commercial State Bank, 126 Neb. 482, 253 N. W. 692.

At the hearing upon the merits, the trial court sustained defendants' motion to strike paragraph 3 of plaintiffs' petition and ultimately excluded as incompetent and immaterial all evidence offered and adduced by plaintiffs with relation to other purported contractual transactions with the city in which the four individual members of the city council were alleged to have directly or indirectly had an interest. Plaintiffs argued that the trial court erred in so doing. We conclude that it did not.

In that connection, section 17-611, R. S. 1943, provides in part: "No officer of any city or village shall be interested, directly or indirectly, in any contract to which the corporation, or any one for its benefit, is a party. Any such interest in any such contract shall avoid the obligation thereof on the part of such corporation. No officer shall receive any pay or perquisites from the city other than his salary."

Thereafter section 18-301, R. S. 1943, provides: "Any officer of any city in this state who shall be interested, directly or indirectly, in any contract to which the city is a party, or who shall enter into any contract to furnish or shall furnish to any contractor or subcontractor with a city of which he is an officer, any material to be used in performing any contract with such city, shall, upon conviction thereof, be fined in any sum not less than one thousand dollars nor more than five thousand dollars."

Be that as it may, no such contracts are in any manner involved in this case by pleadings or otherwise. In ruling as it did, the trial court correctly applied applicable and controlling rules of law.

This court has heretofore concluded that the title of or right to hold an office cannot be adjudicated by injunction. Fort v. Thompson, 49 Neb. 772, 69 N. W. 110; Osborn v. Village of Oakland, 49 Neb. 340, 68 N. W. 506. In such cases an adequate remedy at law is provided by statute. Here the city was concededly a de jure

municipal corporation and entitled to a city council, the members of which were also de jure insofar as this record discloses. There was no claim or contention that they were not duly elected and qualified as such or that they were theretofore removed by judicial proceedings or otherwise. Therefore, if the ordinance involved was duly passed or adopted it will be upheld.

On the other hand, if the ordinance was duly passed or adopted, we may assume for the purpose of argument only that the four members of the city council were de facto officers and arrive at the same result, because: "The acts of a de facto officer are valid and binding, so far as the interests of the public or third persons are involved." Magneau v. City of Fremont, 30 Neb. 843, 47 N. W. 280, 27 Am. S. R. 436, 9 L. R. A. 786. See, also, State v. Gray, 23 Neb. 365, 36 N. W. 577.

As stated in 62 C. J. S., Municipal Corporations, § 493, p. 934: "Offices are created for the benefit of the public, * * *. For the good order and peace of society their authority is to be respected and obeyed, until in some regular mode prescribed by law their title is investigated and determined. The de jure existence of corporate offices and officers may be determined only in a direct proceeding * * * and the title or right of a de facto officer to the office may not be collaterally attacked. * * * The acts of officers de facto with respect to public matters affecting the public interests are to be regarded as valid and binding; as much so as if the same acts had been performed in the same manner by an officer de jure, and the legality of such acts may not be collaterally attacked." See, also, State v. Central States Electric Co., 238 Iowa 801, 28 N. W. 2d 457, a case factually comparable with that at bar.

We turn then to the factual issues presented by paragraph 4 of plaintiffs' petition. In that regard, plaintiffs offered in evidence, without reservation, a certified transcript of the proceedings involving enactment of the ordinance. Such transcript and other evidence

also adduced by plaintiffs discloses without per adventure of a doubt that section 17-614, R. S. 1943, was unanimously complied with in every respect by the city council. Therefore, we conclude that the allegations of paragraph 4 of plaintiffs' petition were not sustained by any competent evidence.

Plaintiffs cited no authority to support the allegations of paragraph 5 of their petition except the pertinent statutes. We conclude that such statutes do not sustain them. In that connection, section 17-511, R. S. 1943, provides: "Whenever the governing body shall deem it necessary to make any of the improvements named in section 17-509, said governing body shall by ordinance create paving, graveling or other improvement district or districts, *and after the passage, approval and publication of such ordinance, shall publish notice of the creation of any such district or districts* for six days in a legal newspaper of the city or village, if a daily newspaper, or *for two consecutive weeks, if the same be a weekly newspaper.* If a majority of the resident owners of the property directly abutting on the street, streets, alley or alleys to be improved, shall file with the city clerk or the village clerk *within twenty days after the first publication of said notice,* written objections to the creation of such district or districts, said improvement shall not be made as provided in said ordinance; but said ordinance shall be repealed. If said objections are not filed against the district in the time and manner aforesaid, the governing body shall forthwith cause such work to be done or such improvement to be made, and shall contract therefor, and shall levy assessments on the lots and parcels of land abutting on or adjacent to such street, streets, alley or alleys especially benefited thereby in such district in proportion to such benefits, to pay the cost of such improvement." (Italics supplied).

Also, section 17-613, R. S. 1943, insofar as important here, provides: "All ordinances of a general nature shall, before they take effect, be published, *within one*

*month after they are passed,* in some newspaper published in such city or village, * * *." (Italics supplied).

The record discloses that ordinance No. 285 was duly introduced and unanimously passed, approved, and ordered published by the council on March 12, 1951. It was thereafter published on March 14, 1951, within one month after it was passed, as required by section 17-613, R. S. 1943. Thereafter, notice of creation of the district was published on March 22 and March 29, 1951, respectively, for two consecutive weeks in a weekly newspaper, after passage, approval, and publication thereof, as required by section 17-511, R. S. 1943.

Section 18-130, R. S. 1943, does provide that: "no ordinance * * * shall go into effect until thirty days after the passage of the same." Assuming, without deciding, that this section has application, we find no provision in the pertinent statutes requiring that publication of notice of the creation of districts shall not be published until after such 30-day period has elapsed. Rather, the language of the statutes involved and relied upon by plaintiffs indicates that the contrary is true. Such a conclusion is logical because the very purpose of such publication is to give notice to and permit resident owners of directly abutting property to timely object and prevent the ordinance from ever becoming effective or to otherwise make the ordinance lawfully valid and effective. In other words, such publications and notices are mandatory and jurisdictional steps without which an ordinance never would become effective. Manners v. City of Wahoo, 153 Neb. 437, 45 N. W. 2d 113. We therefore conclude that the ordinance was not null and void for any reason alleged in paragraph 5 of plaintiffs' petition.

We also find no merit in paragraphs 6, 7, and 8, alleging as aforesaid that section 17-511, R. S. 1943, is unconstitutional for failure of lawful classification and violation of due process.

In Hoopes v. City of Omaha, 99 Neb. 460, 156 N. W.

1047, this court said: "The word 'adjacent,' in the popular sense thus used, obviously means something in addition to, or different from, 'abutting.' * * * In construing the word 'adjacent,' it was said in Dunker v. City of Des Moines, 156 Ia. 292: 'The word "adjacent" is, at least, somewhat indefinite. Ordinarily, it means "to lie near, close, or contiguous." Webster. Even in its strictest sense it means no more than lying near, close, or contiguous, but not actually touching.' This definition is approved in Hennessy v. Douglas County, 99 Wis. 129; Northern P. R. Co. v. Douglas County, 145 Wis. 288." It will be noted, of course, that "directly abutting" means actually "touching." Resident owners of directly abutting property are most directly interested in obtaining the improvement or extinguishing the right to make it, as provided by section 17-511, R. S. 1943. Their property is directly benefited by the improvement and bears the brunt of assessments levied therefor. Resident adjacent property owners are only incidentally interested or benefited, because their property does not abut upon or touch the improvement. Further, their property bears a small part if any of the assessments levied therefor. In other words, as heretofore observed, the property of directly abutting and adjacent owners is differently situated.

As stated in Field v. Barber Asphalt Co., 194 U. S. 618, 24 S. Ct. 784, 48 L. Ed. 1142, involving a somewhat different but comparable situation: "It is well settled, however, that not every discrimination of this character violates constitutional rights. It is not the purpose of the Fourteenth Amendment, as has been frequently held, to prevent the State from classifying the subjects of legislation and making different regulations as to the property of different individuals differently situated. The provision of the Federal Constitution is satisfied if all persons similarly situated are treated alike in privileges conferred or liabilities imposed."

Therein it was also said: "If the legislature saw fit

to give to those most directly interested and whose consent could be most readily obtained, the right to protest, such action did not deprive other persons of rights guaranteed by the Constitution."

It is now elementary in this jurisdiction as well as elsewhere that an opportunity to be heard with right of review upon the question of assessments for benefits is all that is required to satisfy the due process provisions of the constitutions. Nebraska Mid-State Reclamation Dist. v. Hall County, 152 Neb. 410, 41 N. W. 2d 397. See, also, Hoopes v. City of Omaha, *supra*, citing and quoting with approval from Londoner v. City and County of Denver, 210 U. S. 373, 28 S. Ct. 708, 52 L. Ed. 1103.

We come finally to the question of whether or not in the light of issues heretofore discussed the trial court erred in refusing a longer continuance. We conclude that it did not. In that connection, plaintiffs' motion for a continuance was supported by several affidavits filed therewith, but they were not made a part of the bill of exceptions. Therefore, such affidavits cannot be considered because of the rule that: " 'Affidavits used on the hearing of a motion for a continuance cannot be considered in the appellate court unless preserved by a bill of exceptions.' Nelson & Cook v. Johnson, 44 Neb. 7, 62 N. W. 244." Macumber v. Gillett, 138 Neb. 714, 294 N. W. 854.

As heretofore observed, however, there was some oral evidence adduced by the parties upon that question prior to trial on the merits. We have examined such evidence in the light of the rule that: "A motion for the continuance of a cause, regularly reached for trial, is addressed to the sound discretion of the court. Unless abuse of such discretion is shown, ruling on the motion will not be disturbed." Waldron v. Lapidus, 121 Neb. 54, 236 N. W. 139. See, also, Mahaffy v. Hansen Live Stock & Feeding Co., 105 Neb. 9, 178 N. W. 829; Harrington v. Hedlund, 89 Neb. 272, 131 N. W. 212.

The evidence discloses that the records of the city

which plaintiffs desired more time to inspect were entirely immaterial and had no relation to appropriate issues presented upon the merits. Plaintiffs were given ample time to inspect and compare the competent material and related records. We conclude that the trial court did not abuse its discretion.

Other matters were assigned as error but they were either not argued in the brief or if argued they involved issues not raised in the trial court but raised for the first time in this court. Such questions will not be discussed.

For the reasons heretofore stated, the judgment of the trial court should be and hereby is affirmed. All costs in the district court and in this court are ordered taxed to plaintiffs.

AFFIRMED.