EDWARD E. GOOD ET AL., APPELLEES, V. THOMAS BONACUM, APPELLANT.

FILED APRIL 18, 1907. No. 14,786.

1. **Continuance: SHOWING.** Where a case is set down for trial on a day certain, an application for a continuance over the term, supported by an affidavit showing the inability of the defendant to be in attendance on that day, but failing to show that he could not be in attendance at some subsequent day of the same term, is properly overruled.

2. ———: ———. In such case, where the necessity for the continuance is placed on the ground that the defendant is a material witness in his own behalf as to the facts relied upon as a defense, the affidavit is defective if it fails to show that he would testify to such facts if present at the trial.

APPEAL from the district court for Seward county: BENJAMIN F. GOOD, JUDGE, *Affirmed.*

*C. E. Holland,* for appellant.

*J. J. Thomas, M. D. Cary, R. S. Norval* and *Simpson & Good, contra.*

ALBERT, C.

This is an appeal from a judgment in favor of the plaintiffs in an action on a *quantum meruit* for services rendered. The answer alleges that the services were rendered in pursuance to an oral contract, whereby the compensation therefor was fixed at a specific amount, namely $25, and that a tender of that amount had been made to the plaintiffs for the said services. The reply is a general denial. The case was set down for the first jury trial at the January term, 1906, of the district court, and under such assignment stood for trial on the 5th day of February of that year. On the day set for the trial of the case, a motion for a continuance over the term was filed on behalf of the defendant on the ground that he was a material witness in his own behalf, and it was impossible

for him to attend the trial "at this (that) time." The motion was supported by the affidavit of his attorney, which shows that on the day preceding that set for the trial of the case he received a letter from the defendant, expressing regret that he would be unable to attend court "at this time," for the reason that he had been called to Concordia, Kansas, by telegram, on important business connected with the diocese of which he is bishop. The telegram was attached to the affidavit, and is as follows: "Concordia, Kansas, Feb. 3, 1906. Reverend Bishop Bonacum, Lincoln, Neb. I wish to see you next Monday without fail. Bishop Cunningham." The affidavit also refers to the nature of the defense interposed to the action, and avers that the oral contract relied upon by the defendant, and the terms and conditions thereof, were known only to the plaintiffs and the defendant, and that the defendant was the only witness in his own behalf by whom the same could be proved. The court overruled the motion, but to its order in that behalf attached the proviso that, in case the defendant should within three days from that date make and file a sufficient showing for a continuance, then any verdict that might be returned in the meantime should be set aside, and a new trial awarded. A trial to a jury was then had, which resulted in a verdict in favor of the plaintiffs for $264.88. On the 6th day of February, 1906, the defendant filed a motion for a new trial, the ground relied upon being that the court had erred in overruling his motion for a continuance. This motion was supported by an affidavit of the defendant, wherein reference is made to the telegram hereinbefore mentioned. The affidavit also avers, in effect, that the defendant went to Concordia, Kansas, in response to said telegram on important business, in which his diocese was interested, and which could not with safety be postponed. The affidavit also refers to the nature of the defense interposed to the suit that the defendant was the "principal and material witness" in his own behalf in said cause, and that without his testimony he could not obtain justice.

This motion was also overruled. The defendant now contends that the district court erred in overruling these two motions. Considerable stress is laid on the fact that the case was assigned for trial out of its order, but it appears from the record that this was done before any of the jury cases had been set for trial. It does not appear that any objection was made to the order of assignment when it was made. It would seem from the record that all parties had acquiesced in the order and expected to go to trial on the 5th day of February, 1907, until the defendant received a telegram calling him to Concordia, Kansas. For these reasons, to say nothing of others which readily suggest themselves, the defendant is not in a position to complain that his case was called for trial out of the regular order.

The motion for a continuance was properly overruled. It was for a continuance over the term. While either affidavit shows a state of facts which would have warranted the court postponing the trial to a later day of the term, neither of them shows a state of facts which would have warranted the court in continuing the case over the term, because neither shows that there was anything which would have prevented the defendant from being in attendance at a later day. In his own letter, which is incorporated into the affidavit filed in support of his motion for a continuance, he does not say that he cannot attend at any time during the term, but merely that he is unable to attend "at this time." The affidavits are defective at least in one respect. While they both refer to the express oral contract relied upon as a defense to the action, and both aver that the defendant is the only witness in his own behalf, except the plaintiffs, by whom the said contract could be proved, neither of them contain any averment to the effect that, if present in court, the defendant would testify to the facts necessary to establish such contract. In fact, such averment seems to have been studiously omitted. As the presence of the defendant, according to these affidavits, was required only for the

purpose of establishing such oral contract, an affidavit for a continuance on the ground that he could not be present at the trial should have shown that, if present, he would testify that such contract had been actually made, and that the services were rendered in pursuance of it.

It is recommended that the judgment of the district court be affirmed.

DUFFIE and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.