FRANK M. RIDINGS V. STATE OF NEBRASKA.

FILED JUNE 22, 1922. No. 22197.

1. **Information: Sufficiency: Fraud: Bank Certificates.** An information charging that defendant, the president of a bank, feloniously put forth specifically described certificates of deposit, without authority from the directors, with intent to defraud the bank, there being no deposits as certified, charges a felony. Rev. St. 1913, sec. 8658.

Ridings v. State.

2. **Criminal Law:** INDORSEMENT OF WITNESSES ON INFORMATION. A district court in the exercise of judicial discretion is authorized by a recent statute to permit the names of additional witnesses to be indorsed on the information during the progress of the trial. Laws 1915, ch. 164.

3. ————: CONTINUANCE. In passing on a motion for a continuance during a trial, the presiding judge exercises a judicial discretion, and it is only for an abuse thereof that the reviewing court will interfere.

4. ————: EVIDENCE: TELEGRAMS. While a telegram delivered in the ordinary manner is not admissible in evidence without proof of the authenticity of the original, a sufficient foundation for its admission may be established by circumstances, such as subsequent acts disclosing that both the sender and the person who received it treated it as genuine and acted under it.

Error to the district court for Thomas county: BAYARD H. PAINE, JUDGE. *Affirmed.*

*N. T. Gadd, A. M. Cary* and *K. L. Hjort,* for plaintiff in error.

*Clarence A. Davis, Attorney General,* and *Jackson B. Chase, contra.*

Heard before MORRISSEY, C. J., ROSE, ALDRICH and DAY, JJ.

ROSE, J.

In a prosecution by the state in the district court for Thomas county, Frank M. Ridings, defendant, president of the Farmers State Bank of Halsey, Nebraska, was convicted of putting forth certificates of deposit in violation of statute, without authority from the directors, with the intent to defraud the bank. The certificates were false, no money having been deposited as certified. In violating the statute defendant acted through E. N. Dion, a subservient cashier of the bank. To procure a reversal of the conviction, defendant, as plaintiff in error, presents for review the record of his conviction.

The overruling of a motion to quash the information and the overruling of a demurrer to it are assigned as

error. The statute under which defendant was prosecuted declares in substance, among other things, that any president of a bank who shall, without authority from the directors, "issue or put forth any certificate of deposit," with intent to defraud the bank, "shall be confined in the penitentiary not less than one year nor more than ten years." Rev. St. 1913, sec. 8658. The false certificates are definitely described in an information charging the forbidden acts and the unlawful intent. It is also charged that defendant was president of the bank, that the certificates of deposit were issued without authority from the directors, and that no deposits were made by defendant or any one else as certified. The information states in substance that defendant did, with the intent to cheat and defraud the bank, knowingly and feloniously, "procure to be issued to himself and put forth" the specifically described certificates of deposit. If the charging words, "procure to be issued to himself," accuse defendant of procuring the commission of the unlawful act as distinguished from committing the felony himself, a question not decided, the other accusing words, "put forth," in the connection used, apply to the act of defendant individually—an act forbidden by statute. It is argued that the cashier of a bank has inherent power by virtue of his appointment to issue certificates of deposit, and that the offense is not complete unless a misuse of the certificates themselves to the injury of the bank, is shown. The argument is not convincing. The issuance of certificates, without authority of the directors, with the intent to defraud the bank, is forbidden by the statute, and applies specifically to "every president, director, cashier, teller. clerk or agent of any banking company." The cashier is not mentioned in the information. Defendant is named as president, and he is at least charged with acts constituting every element of the crime of putting forth certificates of deposit, as defined by statute. The trial court did not err in ruling adversely to defendant on his motion and demurrer.

Ridings v. State.

An assignment of error challenges a ruling which permitted the county attorney to indorse on the information the names of three witnesses while the trial was in progress. This was permissible under a recent statute. Laws 1915, ch. 164; *Samuels v. State,* 101 Neb. 383. What the nature of the testimony of these witnesses would be was inferable from accusations of which defendant had timely notice. The record does not show an abuse of discretion or prejudice to defendant.

It is further insisted that the district court erred in overruling a motion for a continuance on the ground that defendant was not prepared to meet the testimony of the witnesses whose names were indorsed on the information during the trial. The presiding judge exercises a judicial discretion in passing on a motion for a continuance during the trial, and it is only for an abuse of discretion that the reviewing court will interfere. The county attorney was properly permitted to indorse the names of the additional witnesses on the information, and there is nothing in the record to show an abuse of discretion in denying a continuance.

An assignment of error on which defendant confidently relies for a reversal is directed to a ruling admitting in evidence a telegram from defendant to E. N. Dion, Halsey, Nebraska, dated at Minneapolis, Minnesota, July 30, 1919, and containing, among other things, the following directions:

"Send me here five thousand certificates of deposit, seven months, and advise you have done so."

This telegram purports to be from defendant, Frank M. Ridings, the president of the bank, to E. N. Dion, its cashier. The theory of the state is that it was pursuant to this telegram that Dion sent to defendant, without any consideration, the five certificates of deposit, each for $1,000, described in the information. It is argued that this purported telegram is the only evidence connecting defendant with the issuance of these certificates, and that it was erroneously admitted without any foundation. The

point seems to be that, over the objections of defendant, the trial court admitted in evidence what Dion received as a message, without any proof that it was written or signed or authorized or sent by defendant. When the entire record is considered, it shows that both Dion, to whom the telegram was addressed and delivered, and defendant, by whom it purports to have been written, signed and sent, acted on it as genuine. There is evidence tending to show the following facts: The message appeared on a form of the Western Union Telegraph Company, which has a telegraph line at Halsey. It receives messages at the railroad station there. In the bank at Halsey the telegram was delivered by the operator, who was the agent of the Western Union Telegraph Company, to Dion, the cashier. It was received in the ordinary way. Defendant directed the cashier to issue the certificates of deposit. The latter complied and sent to defendant the certificates of deposit described in the telegram. Defendant in his own handwriting executed a receipt for the certificates of deposit and it was received by the cashier in due course of mail. Defendant received the certificates of deposit and indorsed them in his own handwriting. Direct evidence that defendant signed or authorized the original telegram is not the only method of laying a foundation for its introduction in evidence. The facts may be shown by circumstances which, in the present instance, are sufficient to convince a reasonable mind that defendant in fact signed and sent the telegram admitted in evidence. 22 C. J. 906, sec. 1109. While the foundation was not complete when the telegram was introduced, circumstances subsequently proved made it proper evidence for the consideration of the jury. Defendant was in no wise prejudiced by the order in which the testimony was introduced. The telegram, in connection with other proofs, shows that defendant acted through Dion, the cashier, that he ordered the issuance of these false certificates of deposit without making the deposits as certified, and that he accepted and indorsed them in a high-handed and lawless manner to the

injury of the bank.   The felonious intent charged is a fair
inference and the guilt of defendant is established beyond
a reasonable doubt.

It is finally insisted that bank books and book entries
were admitted in evidence without proper foundations.
When all the testimony is considered, no prejudice to de-
fendant in this respect has been found.

AFFIRMED.