GEORGE EIGBRETT V. STATE OF NEBRASKA.

FILED DECEMBER 31, 1923. No. 23626.

1. Criminal Law: INDORSEMENT OF WITNESSES ON INFORMATION. In a criminal prosecution it is within the discretion of the district court to permit the county attorney to indorse on the information, after it has been filed, the names of additional witnesses.

2. ———: SERVICE OF COPY OF INFORMATION. Accused in a criminal prosecution is entitled to a copy of the information within 24 hours after it is filed in the district court, but he is not, as a matter of right, entitled to an additional copy merely be-

Eigbrett v. State.

cause, with his knowledge, additional names of witnesses are properly indorsed on the information, nor because the information is amended in an immaterial respect in no wise changing the accusation. Comp. St. 1922, secs. 10087, 10104.

3. ———: SALE OF MORTGAGED CHATTELS: ABATEMENT. In a state court a criminal prosecution for selling mortgaged chattels without the mortgagee's consent is not abated by the declared bankruptcy of mortgagor in a federal court.

4. Chattel Mortgages: IDENTITY OF CROPS. The lien of a chattel mortgage on a properly identified growing crop called "acres of wheat" extends to the harvested crop, unless the parties in their contract provide otherwise.

ERROR to the district court for Clay county: WILLIAM A. DILWOTH, JUDGE. *Affirmed as modified.*

*J. E. Willits,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Harry Silverman, contra.*

Heard before MORRISSEY, C. J., ROSE and GOOD, JJ., REDICK and SHEPHERD, District Judges.

ROSE, J.

In a prosecution by the state in the district court for Clay county, George Eigbrett, defendant, was accused of selling mortgaged chattels without the mortgagee's consent in writing. The chattel mortgage was executed June 7, 1922, and incumbered live stock, farming implements and growing crops. Defendant was mortgagor and the First State Bank of Kenesaw was mortgagee. In the information it was charged that defendant, September 18, 1922, without the mortgagee's consent in writing, sold to the Nebraska Farmers' Union Association at Trumbull the following described property upon which the chattel mortgage was at the time a lien: About 485 bushels of wheat from two-thirds of 40 acres in Hamilton county and two-fifths of 35 acres in Hall county. Defendant pleaded not guilty, and upon a trial the jury found that he had feloniously sold mortgaged chattels as charged in the information. For that offense

he was sentenced to the penitentiary for a term of one year. As plaintiff in error defendant presents for review the record of his conviction.

Two assignments of error are based on the assertion that defendant was deprived of his statutory right to a copy of the amended information on which he was tried and that without such a copy he was illegally required to plead and to enter upon his trial. In these respects there was a substantial compliance with law. A copy of the information as originally drawn was served on defendant as required by statute within 24 hours after it was filed. Comp. St. 1922, sec. 10104. The only changes in the information thereafter consisted in indorsing thereon the names of three additional witnesses, and in inserting in the county attorney's recital of the date on which he filed the information in court the year "1923." Permission to allow the county attorney to indorse on the information, after it was filed, the names of additional witnesses, even during the trial, was within the discretion of the district court. Comp. St. 1922, sec. 10087; *Ridings v. State,* 108 Neb. 804. There was no change in the accusation or in the date of the offense charged. Defendant already had a copy of the original information which was in no wise amended to his injury, and he had notice of the amendments. He was allowed the statutory time of one day to plead after the information had been changed in the two respects mentioned. Comp. St. 1922, sec. 10104. There is clearly no merit in these assignments of error.

The overruling of a plea in abatement is also assigned as error. Bankruptcy of defendant was the basis of the plea. It was properly overruled. In a state court a criminal prosecution for selling mortgaged chattels is not abated by the declared bankruptcy of mortgagor in a federal court.

The principal argument on behalf of defendant is directed to the proposition that the chattel mortgage was not a lien on the wheat when sold by defendant and that therefore there was no violation of law. In this connection defendant invokes the statute and the terms of the mortgage

itself.   What was forbidden by law without the consent of
the mortgagee in writing was a sale of mortgaged chattels
during the existence of the lien or title created by the mort-
gage.   Comp. St. 1922, sec. 425.   In a long list of items in-
cluding live stock, farming implements and other personal
property mortgaged to secure a debt of $3,582.55 the prop-
erty which defendant was accused of selling in violation
of law was described as follows:   Two-thirds of 40 acres
of wheat in Hamilton county; two-fifths of 35 acres of wheat
in Hall county.   The chattel mortgage provided further:

"It is expressly understood that this mortgage covers and
secures all extensions or renewals of the within described
notes, and that this mortgage includes, and this debt is to
be further secured, upon demand of said mortgagee, by
all increase from any of the stock mentioned in said mort-
gage, and also by the matured crops of growing grain."

Defendant takes the position that, under the mortgage,
the lien attached only to the "acres of wheat," and not to the
harvested grain; that the right "to be further secured" by
a lien on "matured crops" depended upon a demand by
mortgagee—a step never taken.   This interpretation of the
language used by the parties is not permissible.   The pur-
pose of the mortgage was to create a lien on the property
described to secure the payment of a debt.   It was not the
intention to limit the lien on the growing grain to the
period preceding the harvest.   It would be a strange con-
struction to hold that the lien terminated as soon as the
mortgaged crop became available for the payment of the
debt secured.   In view of the unmistakable purpose to create
a lien to secure a debt, the meaning conveyed, as determined
by the natural and logical reading of the forms of expres-
sion employed, is that the "mortgage includes," without de-
mand, "all increase from any of the stock mentioned" and
"the matured crops of growing grain."   The word "de-
mand" appears in what seems to be a parenthetical phrase
relating to security in addition to that provided by the mort-
gage as executed.   Defendant is not entitled to a reversal
of his conviction under this assignment of error.

With the principal question decided adversely to defendant, there does not seem t be any prejudicial error in the proceedings below or in the finding of the jury.

It is suggested that mortgagee waived its lien and consented to the sale, but the evidence from which these inferences are drawn by defendant does not justify his conclusion. It may be, however, that he unwisely assumed he was entitled, under the terms of the mortgage, to a demand for further security as a condition of extending the lien on the growing crop to the harvested wheat and that he had mortgagee's tacit permission to make the sale, but his unwarranted assumption and unfounded inferences do not constitute a defense or call for a new trial. This phase of the case, however, may properly be considered in fixing the punishment for his violation of law. The property unlawfully sold by defendant consisted of about 485 bushels of wheat. The minimum punishment for such an offense is a fine of $100. Under the circumstances justice will be subserved by reducing the penitentiary sentence to a fine. The judgment of the district court is reduced to a fine of $250 and the payment of the taxable costs in both courts. Defendant is committed to the county jail of Clay county until the fine and costs are paid. As thus modified, the judgment of the district court is affirmed.

AFFIRMED AS MODIFIED.