WILLIAM MIDDAUGH, APPELLEE, V. CHICAGO & NORTH-
WESTERN RAILWAY COMPANY, APPELLANT.

FILED MARCH 19, 1926.   No. 23805.

1. **Continuance:** DISCRETION. When, upon the trial of a cause, one of the parties is represented by two attorneys, a senior, or general attorney, and a junior, or local attorney, and, after a jury has been impaneled and some evidence taken, the senior, or general attorney, is prevented by sickness from further participation in the trial, an application for an adjournment of the trial because of such sickness is, under section 8831, Comp. St. 1922, directed to the sound legal discretion of the court, and unless an abuse of discretion is shown, the ruling of the court will be sustained.

2. ———: ———. On the record presented, it is *held* that, in ruling upon appellant's application for an adjournment of the trial, the court did not abuse its discretion.

3. **Railroads:** INJURY TO ANIMALS: LIABILITY. Under section 5396, Comp. St. 1922, a railroad company may be liable for injuries to domestic animals that go upon its track at a place where the company is required to build and maintain a fence along the line of its right of way, although there be no actual collision between any of its trains and the animals injured.

4. **Trial:** RULINGS. The rulings of the court on the instructions requested by appellant are *held* free from error.

5. **Constitutional Law:** STATUTE REQUIRING RAILROAD TO FENCE RIGHT OF WAY. Section 5396, Comp. St. 1922, which requires a railroad company to erect and maintain fences along its right of way, and fixes a liability for damages occasioned by its failure to comply with the statute, does not deprive such company of its property without due process of law, or deny it the equal protection of the law, so as to violate the Constitution of Nebraska, or the Fourteenth Amendment to the Constitution of the United States.

APPEAL from the district court for Dodge county: FREDERICK W. BUTTON, JUDGE. *Affirmed.*

*Wymer Dressler, Robert D. Neely* and *Paul S. Topping,* for appellant.

*J. C. Cook* and *John Gumb, Jr., contra.*

Heard before MORRISSEY, C. J., ROSE, DAY, GOOD, THOMPSON and EBERLY, JJ.

MORRISSEY, C. J.

Plaintiff sued defendant in the district court for Dodge county. The petition alleges that, at a point where defendant is required by statute to erect and maintain a fence along its right of way, defendant permitted its fence to become, and remain, out of repair; that a number of plaintiff's horses passed through, or over, this fence onto defendant's right of way, where they were so frightened by one of defendant's trains that they ran onto a bridge forming a part of defendant's track and were thereby injured to the damage of plaintiff in the sum of $590. The cause was tried to a jury, which returned a verdict in favor of plaintiff for $400, and from a judgment entered thereon defendant appeals.

When the cause was reached for trial, there were present to represent defendant its general attorney, and also its local attorney. Both of these attorneys participated in the impaneling of the jury. The taking of testimony proceeded for a short time, when the general attorney for defendant became ill, and was not longer able to participate in the trial. Thereupon the local attorney asked that the trial of the cause be adjourned, and filed his affidavit showing that he was only a local attorney for defendant; that, while he had assisted the general attorney in impaneling the jury, he was not informed generally in relation to the case and was not prepared to proceed with the trial. The motion for continuance was denied, and the trial proceeded.

The first assignment of error is based upon the refusal of the court to continue the trial of the cause.

By statute, section 8831, Comp. St. 1922, it is provided that the court may grant or refuse an application for an adjournment of a trial, "and no reversal of such cause or proceeding by the supreme court shall be had on account of the action of the court in granting or refusing such ap-

plication, except when there has been an abuse of a sound legal discretion therein by the lower court."

Did the trial court fail to exercise a sound legal discretion? The questions to be tried were neither new to the jurisprudence of this state nor difficult of presentation. The trial court was fully acquainted with the character of the cause to be tried and with the skill of defendant's local attorney, who had practiced for many years at that bar. The record presented to this court is in good form. The small amount of the recovery shows that the rights of defendant were not prejudiced by the ruling of the court. The court did not abuse its discretion.

In subdivision two of the argument, appellant alleges that the court erred in failing to direct the jury to return a verdict in favor of defendant. This assignment is based upon the contention that the injury to plaintiff's horses did not arise within the terms of section 5396, Comp. St. 1922, which provides generally that a railroad company shall erect and maintain fences along the sides of its right of way sufficient to prevent cattle, horses, etc., from getting upon the right of way, and that upon failure so to do it shall be liable for "all damages which shall be done by the agents, engines or trains of any such corporation, or by the locomotives, engines or trains of any other corporations permitted and running over or upon their said railroad, to any cattle, horses, sheep or hogs thereon." The first point sought to be made under this assignment is based upon the contention of defendant that plaintiff's horses were not injured in such a manner as to fall within the statute, that is to say, without any act on the part of any agent of defendant, and without having come in collision with any train upon defendant's tracks, the horses were entrapped upon a bridge, or trestle, and thereby suffered the injuries for which recovery is sought in this action. On the other hand, plaintiff contends that the horses were frightened by defendant's locomotive and train of cars and ran upon the trestle. There is evidence in the record to support each theory. The jury, by its verdict, resolved this question in

favor of plaintiff.   The rights of the parties under such a
state of facts was before this court in *Chicago, B. & Q. R.
Co. v. Cox,* 51 Neb. 479, and it was there expressly held that
the railroad company was liable.

Defendant requested the court to give two instructions,
the effect of which, if given, would have been to tell the jury
that the adjoining landowner has no right, without the per-
mission of the railroad company, to use the right of way
fence as a party fence, and that, if plaintiff was using the
right of way fence as a party fence without the permission
of the railroad company, he could not complain of the de-
fective condition of the right of way fence; and that, where
the adjoining landowner uses the right of way fence of a
railroad company as a party fence, with or without the
consent of the railroad company, it is as much the duty
of the landowner to keep the right of way fence in repair
as it is the duty of the railroad company, etc.   The court
refused to give the requested instructions.   This ruling is
assigned as error.

It is argued in the brief that sections 2417-2431, inclu-
sive, Comp. St. 1922, deal with the erection and maintenance
of line or party fences, and that under these provisions
of the statute the respective parties were equally bound to
share in the cost of maintenance.

Without indicating that it is in any way material, it may
be said, in passing, that appellant's brief fails to cite the
evidence, if any there be, to show that plaintiff used the
right of way fence as a party fence, or that intersecting
fences attached to or became a part thereof.

In connection with this assignment, counsel assert that, if
section 5396, Comp. St. 1922, be construed so as to require
a railroad company to erect and maintain, at its own ex-
pense, a fence for the use of adjoining landowners, it is un-
constitutional, because it works a taking of private property
for private use without just compensation.   We cannot ac-
cede to appellant's view of the law.   A statute which re-
quires a railroad company to erect and maintain fences
along the sides of its right of way, and fixes a liability

upon it for damages occasioned by its failure to comply with the statute, does not deprive such company of its property without due process of law, or deny it the equal protection of the law, so as to violate the Constitution of Nebraska, or the Fourteenth Amendment to the Constitution of the United States. 12 C. J. 1245, sec. 1026, and 1268, sec. 1072; *Missouri P. R. Co. v. Humes,* 115 U. S. 512; *Missouri P. R. Co. v. Harrelson,* 44 Kan. 253.

All disputed questions of fact were properly submitted to the jury. The evidence is sufficient to sustain its verdict, and the judgment is

AFFIRMED.