CLEMENT L. WALDRON ET AL., APPELLEES, V. JOE LAPIDUS, APPELLANT.

FILED APRIL 10, 1931. No. 27684.

*Friedman & Stern,* for appellant.

*Howell, Tunison & Joyner* and *Waldron, Silverman & Newkirk,* contra.

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

GOOD, J.

This is an action to recover a balance alleged to be due on a contract for legal services. Defendant denied the terms of the contract and set up a counterclaim to recover for overpayment. There was a directed judgment for plaintiff, and defendant has appealed.

The only error complained of is the refusal of the trial court to grant a continuance of the cause for a period of a few days.

By stipulation of the parties, the cause had been placed on the trial calendar for trial during the week beginning May 12, 1930. The case was subject to call at any time during that week. On Thursday, the 15th, counsel for the respective parties were notified that the cause would be taken up on Friday morning, the 16th. On the previous Wednesday, defendant, desiring to be absent from Omaha, interviewed his attorney to ascertain whether the case would likely be reached for trial during the week. His attorney examined the trial calendar and, noting a number of cases thereon previous to this cause, advised his client that he did not think the cause could be reached.

It appears that defendant did not leave the city of Omaha until Friday morning. Had any diligence been shown by his counsel, he could have been notified, before he departed from Omaha, that his cause would be up for trial. Whether counsel for defendant gave this information to his client is not disclosed. In any event, defendant went to Lincoln on Friday morning, and during that morning was notified by telephone that his case was about to be taken up for trial. He replied, in effect, that he relied on his attorney to secure a continuance. Had he desired, he could have reached Omaha within two hours after this notice and been present to testify. He chose not to heed the warning and to disregard the fact that the case was set for trial. The absence of defendant was voluntary and after he knew that his cause had been placed on the trial calendar and was likely to be called up for trial at any time during the week. We are not advised as to whether any imperative business called him away from Omaha.

56

Apparently without reason, he absented himself on his own private affairs.

The time of trial of causes in court cannot be made to depend on the whim, caprice, or convenience of litigants. Unless good cause can be shown, litigants should be ready to proceed with the trial of their causes when regularly reached. A motion for continuance is addressed to the sound discretion of the trial court, and, unless an abuse thereof is shown, its ruling will not be disturbed. *Dilley v. State*, 97 Neb. 853; *Ridings v. State*, 108 Neb. 804; *Smith v. State*, 109 Neb. 579; *Middaugh v. Chicago & N. W. R. Co.*, 114 Neb. 438.

In the affidavit for a continuance it was suggested that the evidence of defendant was necessary for a proper presentation of his case. The affidavit failed to set forth what evidence the defendant would or could give, if present. Where a continuance is sought on the ground that defendant is a material witness in his own behalf as to facts relied on as a defense, the affidavit is defective if it fails to show that defendant would testify as to such facts if present at the trial. *Good v. Bonacum*, 78 Neb. 792.

The affidavit in this case failed to show what material testimony defendant would give, if present. The affidavit was defective and did not set forth sufficient grounds to require a continuance. We do not find that the court abused its discretion.

The judgment is

AFFIRMED.